**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Mark J. Welch,** ) | **CASE NO. 10 MC 37** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Carl Gordulic, et al.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

This matter is before the Court upon the Motion of Defendant Carl Gordulic to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) (Doc. 1).  Also pending is Defendant Charles Price's Motion to Withdraw the Reference (Doc. 5).  This case arises out of allegedly fraudulent conduct engaged in by defendants.  For the reasons that follow, the motions are DENIED.

### FACTS

In late 2007, Johnson Rubber Company, Inc. and JR Holding Corp. filed petitions for relief under Chapter 11 of the Bankruptcy Code.  In May of 2008, defendant Carl Gordulic filed a proof of claim against the estate.  On August 4, 2008, the Bankruptcy Court confirmed the

1

Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "Plan"). Defendant Gordulic did not file objections to the Plan. Pursuant to the Plan, the Bankruptcy Court retained jurisdiction over adversary proceedings involving "causes of action" involving the estate. The Plan defines "causes of action" to include claims which the debtor could assert as a "D&O claim."

On December 9, 2009, the Trustee filed an adversary proceeding against defendants, Carl Gordulic and Charles Price. The complaint alleges seven claims for relief: (1) breach of fiduciary duties; (2) gross mismanagement; (3) corporate waste; (4) intentionally fraudulent transfers; (5) constructively fraudulent transfers; (6) recovery of avoided transfers; and (7) avoidance and recovery of preferential transfers. According to defendants, counts four through seven are "core" claims for which plaintiff seeks approximately $70,000 in relief. Plaintiff seeks relief in the amount of "several million dollars" on the remaining claims.

On January 10, 2010, defendants filed a motion for a more definite statement. According to the Trustee, defendants also entered into agreed orders regarding the adversary proceeding, filed an answer and an amended answer, appeared at a pretrial hearing, and conducted some discovery.

Thereafter, on June 2, 2010, defendant Gordulic moved this Court to withdraw the reference. On June 30, 2010, defendant Price also moved to withdraw the reference. The Trustee opposes both motions.

**ANALYSIS**

The Bankruptcy Amendments and Federal Judgeship Act of 1984 vests in the district courts original jurisdiction over all civil proceedings arising under the Bankruptcy Code and all

civil proceedings arising in or related to cases under the Bankruptcy Code.  28 U.S.C. § 1334(b).

The Act provides that a district court may automatically refer all such cases to the bankruptcy judges for the district.  28 U.S.C. § 157(a).  In addition, the district court "may withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).

> A district court in considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.  For example, the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.  Conversely, hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.  Thus once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

*Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994); *see also Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985) (the district court should consider whether the proceeding is non-core and, thus, whether the bankruptcy court has jurisdiction to hear it; the court should also consider "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process" as well as whether a jury demand has been made).

While the Sixth Circuit has not had occasion to consider the factors to be applied in ruling on a motion for permissive withdrawal of a bankruptcy reference under Section 157(d), the factors cited above have been widely accepted.  Collier on Bankruptcy (15th Ed.) 3.04[1][b]

(citing *Orion* and *Holland America*); *see also Fokkena v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 64437 (N.D. Ohio Aug. 20, 2008) (Gwin, J.) (factors include "judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core"); *Holland v. LTV Steel Co.*, 288 B.R. 770, 774 (N.D. Ohio 2002) (Economous, J.) (the district court should "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process").

Gordulic and Price (collectively, the "Movants") argue that the relevant factors weigh in favor of withdrawal of the reference. Specifically, the Movants argue that the majority of the claims at issue in the underlying complaint are non-core, and account for "millions of dollars" in damages, while the core claims account for only $70,000. In addition, the Movants argue that they have not consented to the bankruptcy court entering final judgment in this matter. As a result, judicial economy weighs in favor of withdrawing the reference. The Movants also argue that the claims at issue arise under state law with which the the bankruptcy court does not possess unique expertise. The Movants argue that forum shopping is not implicated since this Court will ultimately issue findings of fact and conclusions of law. The Movants also point out that they have requested a jury trial.

In response, the Trustee points out that Gordulic filed a proof of claim in the bankruptcy court thereby waiving any right to a jury trial. In addition, the Trustee points out that the Plan provides that the bankruptcy court will have jurisdiction over adversary proceedings. Gordulic

4

did not object to the Plan.  The Trustee further argues that it is undisputed that four of the seven counts in the complaint are core claims.  In addition, the Movants waited over six months to move to withdraw the reference.  In that time, the Movants participated consistently in proceedings before the bankruptcy court.  If this Court were to allow the withdrawal of the reference, Movants will have successfully "gamed the system" and increased the costs to the creditors.  The Trustee also claims that the Movants are barred from arguing that the bankruptcy court cannot enter a final order because they did not comply with Bankruptcy Rule 7012(b).  Specifically, the Trustee argues that Bankruptcy Rule 7012(b) requires an answering party to state whether or not he agrees to the entry of a final order by the bankruptcy court in an answer.  Having failed to comply with the rule, the Movants may not now use this argument as grounds to withdraw the reference.   According to the Trustee, the bankruptcy court is familiar with the parties and the issues and is better situated to expeditiously move the case forward.

Upon review, the Court denies the Movants request to withdraw the reference.  As an initial matter, the Court is disturbed that no reply brief was filed on the substantive issues[1] raised in the Trustee's briefs in opposition.  For example, the Trustee argues that the Movants failure to comply with Bankruptcy Rule 7012(b) prevents them from claiming that the bankruptcy court may not enter final judgment.  Similarly, Gordulic wholly fails to respond to the Trustee's

---

[1] Price's initial motion simply incorporated by reference the substance of Gordulic's motion.  Although Price filed a reply brief, the brief is two paragraphs long and is primarily directed at correcting an apparent misstatement contained in his initial motion.  As Price simply incorporated by reference the arguments contained in Gordulic's motion, the Court will treat the general arguments made by the Trustee in opposition to Gordulic's motion as applying to Price's motion as well.

argument that his filing of a proof of claim and failure to object to the Plan waives his right to a jury and acts as a submission of this dispute to the bankruptcy court's jurisdiction. These issues, are central to the Movant's motion, yet the Trustee's response is unrefuted.

Regardless, the Court finds that withdrawal of the reference is not warranted. The Movants argue that the adversary proceeding is non-core. Yet, the Trustee expressly alleged that the adversary proceeding is a core proceeding, an allegation admitted by Price in his answer. Given this admission, and given that at least four of the claims alleged are admittedly core claims, the Court cannot say that the Movants have established that the adversary proceeding is non-core in nature.

Even if the proceeding were considered non-core, the remaining factors do not support withdrawal of the reference. The Court finds that judicial economy weighs against withdrawal. As the Trustee notes, the case proceeded in bankruptcy court for six months prior to the filing of the motion to withdraw the reference. Although the undersigned only recently received this matter,[2] the case continued to proceed through bankruptcy court for an additional year after the filing of the motion. As a result, the parties proceeded through discovery and the bankruptcy court is far more familiar with the issues in the adversary proceeding. In addition, allowing the bankruptcy court to proceed with this matter promotes uniformity in bankruptcy administration and reduces forum shopping because, according to the Trustee, the adversary proceeding represents the "only hope creditors...have for realizing a distribution on their claims." Moreover, Gordulic himself is a creditor who filed a proof of claim. Centralization of these issues will

---

[2] This case was transferred to the undersigned after the departure of another judge in this district.

6

better serve the creditors and reduce forum shopping.

In all, the Movants fail to meet their burden of establishing that cause exists to withdraw the reference.

**CONCLUSION**

For the foregoing reasons, the motion of Defendant Carl Gordulic to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) (Doc. 1) and Defendant Charles Price's Motion to Withdraw the Reference (Doc. 5) are DENIED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/22/11